IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CYNTHIA TEASLEY, ) | |
| ) | |
| Plaintiff, ) | CASE NO.: 3:07cv01148 |
| ) | |
| v. ) | Judge Trauger |
| ) | Magistrate Judge Bryant |
| AIM HEALTHCARE ) | |
| SERVICES, INC., ) | |
| ) | |
| Defendant | |

**JOINT P̶R̶O̶P̶O̶S̶E̶D̶ INITIAL CASE MANAGEMENT ORDER**

Pursuant to Rule 16.01(d), Local Rule of Court, the following Initial Case Management Plan is **adopted**.

**1.      Jurisdiction:**

This Court has jurisdiction over Plaintiff's federal claims pursuant to its federal question jurisdiction, 28 U.S.C. § 1331. Plaintiff's claims arise under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2617, and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*. Plaintiff also brings state law claims under the Tennessee Handicap Act, Tenn. Code Ann. § 4-21-102 and common law claims for breach of contract, intentional misrepresentation, negligent misrepresentation, and unjust enrichment. Jurisdiction is not disputed.

1902763.2

1

**2. Plaintiff's theory of the case:**

Plaintiff states that Defendant failed to offer her FMLA-protected leave for a "serious health condition" and, instead, terminated Plaintiff's employment for leave associated with the "serious health condition." Plaintiff additionally states that she worked hours which were unpaid by Defendant, in violation of the FLSA. Finally, Plaintiff states that certain commissions were promised by Defendant which were earned by Plaintiff and which remain unpaid by Defendant.

**3. Defendant's theory of the case:**

AIM Healthcare Services, Inc. ("Defendant") denies Plaintiff's claims and denies Plaintiff is entitled to any relief sought in her Complaint. Plaintiff was terminated for failure to adhere to attendance requirements and the decision to terminate her employment was not based on any improper motive. Plaintiff's claims are groundless and should be dismissed with prejudice with the costs thereof, including attorneys' fees, taxed against Plaintiff.

**4. Expert depositions:**

The depositions of any expert witnesses shall be completed on or before **December 15, 2008**.

**5. Witnesses, if known, subject to supplementation for each party:**

For Plaintiff:

a. Plaintiff
b. Anita Dhar
c. Maryellen Green
d. Brock Horner

1902763.2

2

Case 3:07-cv-01148 Document 10 Filed 03/04/08 Page 2 of 7 PageID #: 47

e. Jake Ridings
f. Debbie Steufenbihl
g. Linda Smith
h. Latonya Bailey
i. Milisea Wilson
j. Ron Vonner
k. Jenny Brown
l. Ken Bryson
m. Desirae DeArmond
n. Giovanni Blissit
o. All witnesses identified by Defendant

For Defendant:

a. Jessie Tyree
b. Sherri Safford
c. Mark Thienel
d. Christina White
e. Velisa Baker
f. All witnesses identified by Plaintiff

**6. Initial Disclosures and Staging of Discovery:**

A. Rule 26(a)(1) Disclosures.

Pursuant to Fed. R. Civ. P. 26(a)(1), all parties must make their initial disclosures within 14 days after the initial case management conference.

B. Other Pre-Trial Discovery Matters.

All written discovery, including interrogatories, requests for production of documents, and requests for admission, shall be submitted by **September 10, 2008**. Deadline for completing depositions of any fact/lay witnesses: **September 10, 2008**.

Deadline for Plaintiff to declare the identity of her expert witnesses and provide all the information specified in Rule 26(a)(2)(B): **October 10, 2008.** Deadline for Defendant to declare the identity of its expert witnesses and provide

all the information specified in rule 26(a)(2)(B): **November 12, 2008.** Deadline for any supplements to expert reports: **December 10, 2008.**

Discovery is not stayed during dispositive motions, unless ordered by the Court. Local Rule 33.01(b) is expanded to allow 40 interrogatories, including sub-parts. No motions concerning discovery are to be filed until after the parties have conferred in good faith and, unable to resolve their differences, have scheduled and participated in a conference telephone call with Judge Trauger.

C. Electronic Discovery Issues.

The parties have met to discuss the likely locations of discoverable electronic information and have agreed upon the following approach to discovery of electronically stored information:

(1) Form and Timing of Production

At this early stage, the parties do not anticipate that the document production in this case will be intensive relative to larger litigation. The parties have agreed to make copies of electronically stored information relating to the subject matter of this lawsuit and save that information on CD's. The parties shall endeavor to exchange the electronically stored information in a timely manner, so as to provide ample time for any requests for access to the electronically stored information without delaying the discovery schedule set forth herein.

(2) Inadvertent Disclosure.

The parties agree that in the event that any privileged or trial preparation materials are inadvertently disclosed in the course of providing access to electronically stored information, such materials shall be subject to a "Claw Back" agreement as set forth in Fed. R. Civ. P. 26(b)(5)(B). Such inadvertent disclosure of privileged or trial preparation materials through electronic discovery shall not be raised by the receiving party as the sole basis for waiver of the privilege or protection absent other circumstances supporting waiver.

**7.     Dispositive motions:**

Dispositive motion deadline: **January 20, 2009**. Response: 28 days later. Reply: 14 days later. Briefs shall not exceed 20 pages. No motion for **partial** summary judgment shall be filed except upon leave of court. Any party wishing to file such a motion shall first file a separate motion that gives the justification for filing a partial summary judgment motion in terms of the overall economy of time and expense for the parties, counsel and the Court.

**8.     Other deadlines:**

Any motion to amend the pleadings or join parties shall be filed in sufficient time to permit any discovery necessary because of the proposed amendment to be obtained within the time for discovery. No amendments will be allowed if to do so will result in a delay in the disposition of the action by requiring an extension of the discovery deadline.

**9.     Subsequent case management conferences:**

A pre-trial conference is requested on a date to be determined by the Court.

**10.    Alternative dispute resolution:**

The parties shall file a joint mediation report on or before **November 15, 2008**.

**11.    Target trial date:**

Plaintiff has requested a jury trial. The case will be ready for trial in the first quarter of 2009, and at this time trial is expected to take 3 days.

It is so ORDERED.

_____
ALETA A. TRAUGER
United States District Judge

PROPOSED FOR ENTRY BY:

s/ William T. Fiala
Andrew S. Naylor (TN BPR# 017128)
William T. Fiala (TN BPR# 022788)
WALLER LANSDEN DORTCH & DAVIS, LLP
511 Union Street, Suite 2700
Nashville, Tennessee 37219
(615) 244-6380
(615) 244-6804 (Fax)
Attorneys for Defendant


s/ Kerry Knox (by permission)
Kerry Knox, BPR # 23302
Castelli & Knox, LLP
316 West Lytle Street, Suite 110
Murfreesboro, Tennessee 37130
(615) 896-1000
Attorney for Plaintiff